**Affirmed and Majority and Concurring Opinions filed October 12, 2021.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-20-00111-CV

**PATRICK WALSH, Appellant**

**V.**

**TEXAS DEPARTMENT OF STATE HEALTH SERVICES, Appellee**

**On Appeal from the 261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-18-000603**

## CONCURRING OPINION

I both concur in the court's judgment and join in the opinion. I write separately to comment that this case appears to be the first time the Texas appellate courts have engaged in a substantive discussion of the attorney general's formal open-records decision concerning the two instances in which a previous determination under Government Code section 552.301(a) exists, Open Records Decision number 673. Tex. Att'y Gen. ORD 673 (2002); *see* Tex. Gov't Code

Ann. § 552.301(a).[1]

The legislature has given the attorney general the duty to render decisions under Government Code chapter 552, subchapter G. Tex. Gov't Code Ann. §§ 552.301–.309. This is separate from the role of attorney-general opinions, which is authorized in the state constitution and by statute. Tex. Const. art. III, § 22; Tex. Gov't Code Ann. §§ 402.041–.045.[2] While the appellate courts cannot give advisory opinions, we can discuss the attorney general's stated methodology as applied in a specific case on appeal. Presumably, a disproportionate number of disputes over the disclosure of public information under chapter 552 are resolved at the subchapter G level with an attorney-general open-records decision, with substantially fewer disputes going further into civil enforcement in the judiciary under subchapter H. Tex. Gov't Code Ann. §§ 552.321–.327 (subchapter H).

---

[1] The *Public Information Act Handbook* (2020) published by the Office of the Attorney General of Texas describes two types of attorney-general decisions that comply with the requirements of Government Code section 552.306: (1) formal open-records decisions (ORDs) and (2) informal open-records letter rulings (ORLs). *See* Tex. Gov't Code Ann. § 552.306 (rendition of attorney-general decision; issuance of written opinion).

[2] As a contributor to Texas Law Review's eighth edition of *Texas Rules of Form* (1992), it is interesting that the current fourteenth edition of *Texas Rules of Form: The Greenbook* (2018) has a citation form for *informal* ORLs, but does not have a citation form for *formal* ORDs. *But see* Texas Tech Law Review, *Texas Legislative History & Administrative Agency Citation Guide* 32 (1986) (ORD citation form). While I think that says more about how often the appellate judiciary analyzes the methodology of attorney-general decisions than a possible oversight by Texas Law Review in compiling *The Greenbook*, I nonetheless encourage the addition of a citation form for formal ORDs in a future edition to make it easier to search for those ORDs.

Because I believe the courts should engage with the attorney general's ORD 673 analysis, I am glad we do so here, establishing judicial precedent that can be applied beyond this appeal to disputes that are resolved at the administrative level under subchapter G.[3] I both concur in the court's judgment and join in its opinion.


/s/    Charles A. Spain
Justice


Panel consists of Justices Bourliot, Zimmerer, and Spain (Zimmerer, J., majority).

---

[3] Giving such guidance to the attorney general's open-records division furthers the 1973 policy adopted by the legislature in the aftermath of the Sharpstown scandal:

> Pursuant to the fundamental philosophy of the American constitutional form of representative government which holds to the principle that government is the servant of the people, and not the master of them, it is hereby declared to be the public policy of the State of Texas that all persons are, unless otherwise expressly provided by law, at all times entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. To that end, the provisions of this Act shall be liberally construed with the view of carrying out the above declaration of public policy.

Act of May 19, 1973, 63d Leg., R.S., § 1, 1973 Tex. Gen. Laws 1112, 1112 (currently Tex. Gov't Code Ann. § 552.001(a)).

3